# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| CRISTOBAL CAMILO LAGUNA ESPINOZA, ) ) ) | Case No. 4:25-cv-02420 |
| ) | Judge J. Philip Calabrese |
| Petitioner, ) ) | Magistrate Judge |
| v. ) ) | James E. Grimes, Jr. |
| DIRECTOR OF DETROIT FIELD OFFICE, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*, ) ) ) ) | |
| Respondents. ) ) | |

## OPINION AND ORDER

On October 3, 2025, Petitioner Cristobal Camilo Laguna Espinoza, a Nicaraguan citizen illegally present in the United States and in custody without bond pending removal proceedings, petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. On October 9, 2025, the Court dismissed the petition without prejudice, determining that Mr. Laguna Espinoza should pursue this matter before the Board of Immigration Appeals. *See Laguna Espinoza v. Director of Detroit Field Off., U.S. Immigr. & Customs Enf't*, No. 4:25-cv-02107, 2025 WL 2878173, at *4 (N.D. Ohio Oct. 9, 2025). Further, the Court determined that it could not say that exhaustion was futile or a waste of time or that prudential reasons applied for excusing it. *Id.*

On November 7, 2025, Mr. Laguna Espinoza filed another petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking the same relief that he requested

in his prior petition. Because Mr. Laguna Espinoza makes similar or identical arguments as he did before regarding exhaustion and futility, the Court construes the latest petition as a motion for reconsideration pursuant to Rule 59 and Rule 60 to avoid characterizing this petition as second or successive under 28 U.S.C. § 2244. For the following reasons, the Court declines to reconsider its prior ruling; therefore, it **DISMISSES** the petition.

## ANALYSIS

Generally, the reasons for altering or amending a judgment under Rule 59 or obtaining relief from a judgment under Rule 60 delineate the circumstances under which a court will grant reconsideration. Justifying reconsideration requires a moving party to: (1) demonstrate an intervening change in the controlling law; (2) establish that new evidence is available; or (3) prove that a clear error occurred or reconsideration is necessary to prevent manifest injustice. *See Louisville/Jefferson Cnty. Metro. Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009). A district court retains the discretion to entertain such a motion. *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 n.7 (6th Cir. 2004). Further, a district court does not abuse its discretion in denying a motion for reconsideration when it is premised on evidence or arguments available to the party at the time of the original judgment. *Emmons v. McLaughlin*, 874 F.2d 351, 358 (6th Cir. 1989). After all, such motions are aimed at *reconsideration*, not initial consideration. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (citing *FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)).

I. **New Evidence**

Nothing has changed for Mr. Laguna Espinoza since his previous filing except that he now has an upcoming hearing on the United States's motion to pretermit his asylum application. (ECF No. 1, ¶¶ 2 & 25, PageID #2 & #7–8.) As of the date of the latest petition, Mr. Laguna Espinoza has been detained for a total of 149 days. (*Id.*, ¶ 2, PageID #2.) Agents with Immigration and Customs Enforcement arrested and detained Mr. Laguna Espinoza on June 11, 2025. (*Id.*, ¶¶ 2 & 36, PageID #2 & #11.) Following a hearing, on July 24, 2025, the Immigration Court denied his request for bond. (*Id.*, ¶ 37, PageID #11.) Mr. Laguna Espinoza appealed the denial of bond to the Board of Immigration Appeals. (*Id.*, ¶ 39, PageID #12.) The Board of Immigration Appeals has yet to issue a decision on Mr. Laguna Espinoza's appeal.

According to Petitioner, the Department of Homeland Security moved to pretermit his asylum application two days before his November 7, 2025 merits hearing. (*Id.*, ¶ 25, PageID #7–8.) The Immigration Court scheduled a hearing on that motion for November 20, 2025. (*Id.*) Petitioner claims that "the merits hearing is likely to be scheduled shortly afterwards." (*Id.*)

Petitioner avers that bond appeals before the Board of Immigration Appeals typically take six months to complete. (*Id.*, ¶ 25, PageID #7.) He argues that "[s]ix months of further, and potentially unnecessary, incarceration is significantly longer than the thirty days the Sixth Circuit rejected as 'unreasonable' or 'indefinite' in *United States v. Alam*, 960 F.3d 831, 836 (6th Cir. 2020)." But the Sixth Circuit made no such determination in *Alam*. Instead, it observed, in the context of administrative exhaustion for prisoners during the Covid-19 pandemic, that "[t]hirty days hardly

3

rises to the level of 'an unreasonable or indefinite timeframe.'" *Alam*, 960 F.3d at 836 (quoting *McCarthy v. Madigan*, 503 U.S. 140, 147 (1992)).

Also, Petitioner cites *Hechavarria v. Whitaker*, 358 F. Supp. 3d 227, 237 (W.D.N.Y. 2019), to argue that such a delay "'would result in the very harm that the bond hearing was designed to prevent,' that is, prolonged detention without due process." (ECF No. 1, ¶ 30, PageID #9.) But even assuming Mr. Laguna Espinoza would have to wait six months in addition to his roughly 149-day detention, that amount of time falls far short of that of the petitioner in *Hechavarria*, 358 F. Supp. 3d at 238, who was detained for over five years and three months. Moreover, the Court issued a certificate of appealability, but Mr. Laguna Espinoza chose not to appeal the Court's prior ruling.

Accordingly, the Court determines that Mr. Laguna Espinoza has not established that any new evidence is available that would alter the Court's previous determination that he must pursue this matter before the Board of Immigration Appeals. *Laguna Espinoza*, 2025 WL 2878173, at *3.

## II. Change in Controlling Law

Petitioner makes the same argument that he previously raised that an appeal to the Board of Immigration Appeals "is futile given the Board's holdings in *Matter of Q. Li* and *Matter of Yajure Hurtado*." (*Compare* Case No. 4:25-cv-01207, ECF No. 1, ¶ 25, PageID #6 *with* Case No. 4:25-cv-02420, ECF No. 1, ¶ 39, PageID #12.) The Court will not address the arguments previously made or available to Mr. Laguna Espinoza at the time of the original judgment. *Emmons*, 874 F.2d at 358.

4

In addition, Petitioner argues that, since the Court's prior ruling, "many federal court decisions . . . have demonstrated the futility of requiring exhaustion in this case where the BIA has predetermined the issue before it and created precedent finding exhaustion should not be required in similar cases." (ECF No. 1, ¶¶ 4 & 19, PageID #2 & #5–6.) Although Petitioner does not cite any case decided after the Court's October 9, 2025 ruling, it does not doubt that other federal courts are acting as Petitioner suggests. (*See generally* ECF No. 1.) Because many similar rulings predated the Court's previous ruling, Petitioner's cited cases, and the arguments derived from them, were previously available, so the Court need not and does not address them again. *Emmons*, 874 F.2d at 358.

Notably, Petitioner fails to mention those federal courts that have taken a contrary position, agreeing with the government's reading of the statute. *See, e.g.*, *Mejia Olalde v. Noem*, No. 1:25-cv-00168, 2025 WL 3131942 (E.D. Mo. Nov. 10, 2025); *Vargas Lopez v. Trump*, No. 8:25CV526, 2025 WL 2780351 (D. Neb. Sept. 30, 2025); *Chavez v. Noem*, No. 3:25-cv-02325, 2025 WL 2730228 (S.D. Cal. Sept. 24, 2025). Nor does Petitioner cite any contrary case law that is binding on the Court. *See, e.g.*, *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1254 (W.D. Wash. 2025); *Gomes v. Hyde*, No. 1:25-cv-11571, 2025 WL 1869299, at *5 (D. Mass. July 7, 2025). The Court is not aware of any Supreme Court or Sixth Circuit precedent contrary to its previous ruling, which is one reason the Court certified that ruling for appeal. *Laguna Espinoza*, 2025 WL 2878173, at *4.

5

Therefore, the Court determines that Petitioner has failed to demonstrate that there has been a change in controlling law that affects the Court's previous ruling. *See Louisville/Jefferson Cnty. Metro. Gov't*, 590 F.3d at 389.

### III. Clear Error

Petitioner argues that the three factors set out in *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007), "weigh against requiring exhaustion." (ECF No. 1, ¶ 23, PageID #7.) In *Puga*, the Ninth Circuit acknowledged that courts may require prudential exhaustion in three circumstances: "if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." 448 F.3d at 815 (citation omitted).

Setting aside the fact that this argument was available to Mr. Laguna Espinoza when he filed his previous petition, these factors support requiring exhaustion here. As the Court acknowledged in its previous ruling, because of the expertise that the Board of Immigration Appeals and the immigration courts more generally have in the statutory and administrative regimes governing the admission and removal of foreigners, "'many of the purposes for requiring exhaustion' may be served by permitting agency review in the first instance." *Laguna Espinoza*, 2025 WL 2878173, at *3 (quoting *Hernandez Torrealba v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-01621, 2025 WL 2444114, at *11 (N.D. Ohio Aug. 25, 2025)); *see also*

6

*Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003) (discussing the benefits of limiting judicial interference in agency affairs in the immigration context).

Relaxing the exhaustion requirement would encourage bypassing the administrative regime Congress enacted for immigration. Indeed, the number of proliferating district court decisions shows that this danger is already at hand. Administrative review will allow the Board of Immigration Appeals to address the question of detention pending removal in the first instance, correct its mistakes (if it has made any), and foreclose the need for judicial review. In any event, the congressional scheme favors judicial review at the Circuit level following agency adjudication—not by district courts.

Petitioner claims that the issues in his petition are "purely legal in nature and do not require the agency to develop the record" and that the inclusion of a due process claim renders the administrative scheme futile. (ECF No. 1, ¶¶ 23 & 27, PageID #7–8.) This argument invokes the only basis on which a district court might plausibly exercise jurisdiction under 8 U.S.C. § 1252(a)(2)(D). But any constitutional challenge to detention pending removal turns on the question whether the petitioner received the process that Congress decided was due—which involves interpretation and application of the statute, a matter that falls to the agency in the first instance and one over which Congress gave district courts no jurisdiction, whether to decide that a writ may remedy a petitioner's detention pending removal or that the government's reading of the statute is legally correct. As the Court previously noted, despite bringing a Fifth Amendment due process claim, each of Petitioner's counts requires

7

interpretation and application of the governing removal regime. *Laguna Espinoza*, 2025 2878173, at *2. "Exhaustion concerns apply with particular force when the action under review involves exercise of the agency's discretionary power or when the agency proceedings in question allow the agency to apply its special expertise." *McCarthy*, 503 U.S. at 145 (citing *McKart v. United States*, 395 U.S. 185, 194 (1969)). Further, even assuming that Petitioner has a high likelihood of being correct that "administrative review is not likely to change Respondents' position that Section 1225(b)(2)(A) applies in this context," such a "high probability of denial . . . does not weigh in favor of waiving exhaustion." *Hernandez Torrealba*, 2025 WL 244414, at *11.

Accordingly, the Court determines that Petitioner has failed to establish that the Court committed clear error in its previous determination that Mr. Laguna Espinoza should pursue this matter before the Board of Immigration Appeals. *Laguna Espinoza*, 2025 WL 2878173, at *3.

## IV. Manifest Injustice

Petitioner argues that exhaustion would be futile because a "removal determination would likely come before the BIA's determination of whether he is entitled to a bond hearing" based on the upcoming hearing on the United States's motion to pretermit his asylum application. (ECF No. 1, ¶ 25, PageID #7–8.) Again, speculation of denial or some other outcome, no matter the probability, does not weigh in favor of waiving exhaustion, especially where doing so risks judicial interference with the expertise of the Board of Immigration Appeals and the immigration courts more generally. *Laguna Espinoza*, 2025 WL 2878173, at *3 (quoting *Hernandez*

*Torrealba*, 2025 WL 2444114, at *11). As is now playing out in the inferior courts, waiving the exhaustion requirement has the consequence of drawing district courts into territory Congress told them not to enter.

8 U.S.C. § 1252(a)(2) provides that no court has jurisdiction to review any immigration matter except as provided by statute: "Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to review" immigration cases. As relevant here, judicial review is available in two circumstances. First, a final order of removal is subject to judicial review by "the court of appeals for the judicial circuit in which the immigration judge completed the proceedings," not the district court. 8 U.S.C. § 1252(b)(2); *see also id.* § 1252(b)(9). Second, 8 U.S.C. § 1252(a)(2)(D) preserves the ability to petition for a writ of habeas corpus to raise a constitutional issue. In that case, however, Congress makes clear that:

> no court shall have jurisdiction, by habeas corpus under section 2241 of title 28 or any other habeas corpus provision, . . . or by any other provision of law (statutory or nonstatutory), to review such an order [a final order of removal] or such questions of law or fact [those involving interpretation and application of statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States].

*Id.* § 1252(b)(9). This statute "does not present a jurisdictional bar" to judicial review where "respondents are not asking for review of an order of removal." *Jennings v. Rodriguez*, 583 U.S. 281, 294–95 (2018); *see also Nielsen v. Preap*, 586 U.S. 392, 402 (2019). However, the Supreme Court made clear that "nothing in the statutory text [of Section 1225(b)(1) and (b)(2)] imposes any limit on the length of detention."

9

*Jennings*, 583 U.S. at 297.  The Supreme Court acknowledged that "§§ 1225(b)(1) and (b)(2) mandate detention of aliens throughout the completion of applicable proceedings and not just until the moment those proceedings begin." *Id.* at 302.

Against this background, the Court cannot say that any manifest injustice arises from seeking relief through the statutory and regulatory framework governing immigration and removal.  Mr. Laguna Espinoza could have chosen to appeal the Court's decision and seek relief with the Sixth Circuit.  He chose not to do so.  The Court cannot say that any manifest injustice results from Petitioner's choice.

## CONCLUSION

For these reasons, the Court declines to reconsider its prior ruling.  Therefore, the Court **DISMISSES** the petition.

**SO ORDERED.**

Dated:  November 19, 2025

J. Philip Calabrese
United States District Judge
Northern District of Ohio